

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID PATE, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 03 C 9134 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Martin C. Ashman |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Pate, Jr., brings this motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. §§ 2412(a), (d). Defendant, the Commissioner of the Social Security Administration ("Commissioner"), objects to Plaintiff's motion. For the following reasons, the Court grants Plaintiff's motion.

## I. Background

Plaintiff applied for Child's Insurance Benefits and Supplemental Security Income in September 2001. (R. at 74, 216.) The Commissioner denied Plaintiff's claims initially and on reconsideration. (R. at 53-60, 61-66, 219-28.) Plaintiff next requested a hearing before an Administrative Law Judge ("ALJ"). On April 23, 2003, a hearing was held before an ALJ, (R. at 35-52), and on June 26, 2003, the ALJ found Plaintiff not disabled. (R. at 18-19.) On October 16, 2003, the ALJ's decision became the Commissioner's final decision when the Social Security Administration Appeals Council denied Plaintiff's request for review. (R. at 6-10.)

On February 11, 2005, this Court reversed the Commissioner's final decision and remanded the case for further determination of Plaintiff's disability. The Court reversed and remanded the case because the ALJ: (1) failed to make every reasonable effort to recontact Plaintiff's treating physician, Dr. Sucholeiki, despite the fact that the bases for several of Dr. Sucholeiki's potentially significant opinions were unclear; (2) glossed over and misinterpreted several of Dr. Sucholeiki's potentially important opinions; and (3) failed to follow the Commissioner's special technique for assessing mental impairments, as set out in 20 C.F.R. § 404.1512(a). *Pate v. Barnhart*, No. 03-C-9134, Mem. Op. & Ord. at 14-25 (N.D. Ill. Feb. 11, 2005).

## II. Discussion

### A. Plaintiff Is Entitled to Attorney's Fees.

The EAJA provides that a court shall award attorney's fees to a party who prevails against the United States in certain civil actions, including proceedings for judicial review of an agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The movant bears the burden of showing that he prevailed in the civil action. If the burden is met, the United States must show that its position was substantially justified to avoid the imposition of fees. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

Plaintiff asserts that he is a prevailing party by virtue of obtaining a sentence-four remand, citing *Shalala v. Schaefer*, 509 U.S. 292, 296-97 & n.2 (1993). The Commissioner does

not dispute this and neither do we. *See Schaefer*, 509 U.S. at 300-02; *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 980 (7th Cir. 1999); *O'Connor v. Shalala*, 23 F.3d 1232, 1234 (7th Cir. 1994). Accordingly, our inquiry focuses on whether the Commissioner has shown that her position was substantially justified. In making this inquiry, we are mindful that the "Commissioner's Position" encompasses both her pre-litigation conduct at the agency level and her litigation conduct before this Court. *Golembiewski*, 382 F.3d at 724; *Cummings v. Sullivan*, 950 F.2d 492, 496-97 (7th Cir. 1991). An ALJ's decision constitutes part of the agency's pre-litigation conduct. *Golembiewski*, 382 F.3d at 724. Rather than make conclusions as to each of these temporally distinct elements, however, the EAJA requires this Court to arrive at a single conclusion that accommodates the entire civil action. *Id.*; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000).

Further, a finding that a party prevailed in federal court does not automatically permit that party to recover fees. *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986) ("[A]t the EAJA stage, the court is not wedded to the underlying judgment on the merits in assessing either the Government's litigation position or its underlying conduct."). Substantial justification means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations and citations omitted). In other words it means a reasonable basis both in law and fact. *Id.* It is well settled that a party's position can be substantially justified but incorrect, as long as a reasonable person could think that the position was correct. *Golembiewski*, 382 F.3d at 724 (citing *Underwood*, 487 U.S. at 566 n.2). Thus, in order to prevail in the Seventh Circuit, the Commissioner must show that her position was grounded in: (1) a reasonable basis in truth

for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.*

Plaintiff now seeks legal fees. Neither party alleges the presence of "special circumstances" that would make an award unjust. The parties dispute whether the Commissioner's position was substantially justified. Plaintiff challenges the Commissioner's pre-litigation position, arguing that the Commissioner lacked a reasonable basis in truth for the facts alleged and lacked a reasonable basis in law for the theory propounded. (Pl.'s Reply at 2-3.) Plaintiff also challenges the Commissioner's litigation position, claiming that she engaged in improper post hoc rationalization. (Pl.'s Reply at 5.) The Commissioner counters that her pre-litigation position was substantially justified because strong evidence in the record supported her conclusion, while the opinion of Dr. Sucholeiki was out of sync with the record. (Def.'s Br. at 3.) The Commissioner also argues that, due to minimal evidence and lack of argument regarding mental impairments, it was reasonable not to apply the Commissioner's special technique under 20 C.F.R. § 404.1512a. (Def.'s Br. at 3-4.)

Quoting extensively from this Court's original decision to remand this case, the Commissioner argues that her position was substantially justified because the bulk of the record supports the ALJ's decision to deny Plaintiff benefits and runs counter to Dr. Sucholeiki's opinion. (Def.'s Br. at 3.) While evidence in the record may support the ALJ's conclusion, the ALJ's failure to comply with 20 C.F.R. § 404.1512a and Social Security Ruling 96-5p resulted in potentially significant deficiencies in the evidence of record. In our original decision, this Court found that the ALJ was obligated by the Commissioner's Rules and Regulations to recontact Dr. Sucholeiki in order to obtain more information regarding his potentially significant opinions,

despite the fact that his opinions were not in sync with the rest of the record. *Pate*, Mem. Op. & Ord. at 17-20, 23-24. As compliance with the Commissioner's Rules and Regulations may significantly impact the evidence in the record, it is meaningless to argue that the existing evidence favors the ALJ's decision. Additionally, whether Dr. Sucholeiki's opinions were out of sync with the record does not negate this Court's finding that the ALJ misinterpreted Dr. Sucholeiki's opinion when he suggested that Dr. Sucholeiki gave Plaintiff a clean bill of mental health. *Id.* at 17-18. Because the Commissioner disregarded both her own regulations and the ALJ's factual mistakes, the Commissioner's pre-litigation position lacked a reasonable basis in truth for the facts alleged and lacked a reasonable basis in law for the theory propounded.

The Commissioner claims that the ALJ did not need to apply the Commissioner's special technique under 20 C.F.R. § 404.1512a because the record lacked evidence or argument regarding mental impairments. The Court addressed these arguments in the decision to remand and now simply states that there was sufficient evidence in the record to implicate the Commissioner's Rules and Regulations and to require the ALJ to apply the Commissioner's special technique in this case.[1] *Id.* at 24. The Commissioner's position cannot be substantially justified when the ALJ disregards the Commissioner's own Rules and Regulations and judicial precedent.

---

[1] The Court notes and takes issue with the Commissioner's suggestion that we ever found Plaintiff's depression to be "not severe." (Def.'s Br. at 4-5.) In the original case, Plaintiff argued that the ALJ recognized his mental impairments but erred when he failed to consider them in conjunction with his seizures. The Court rejected Plaintiff's argument and concluded that the ALJ never actually recognized Plaintiff to be depressed but simply described Plaintiff's alleged depression as "not severe" because it was the only logical description left to the ALJ after he rejected and failed to investigate Plaintiff's mental impairments. The Court did not, as the Commissioner now suggests, agree that Plaintiff's depression is "not severe."

The Commissioner finds it significant that Plaintiff did not prevail on all of the issues he raised in his motion for summary judgment and claims that this failure is an important consideration in assessing whether the Commissioner's position was substantially justified. (Def.'s Br. at 5.) The Commissioner does not cite any authority supporting such a contention, and in any event, the fact that Plaintiff did not prevail on all the issues is not determinative. *See Golembiewski*, 382 F.3d at 724; *Hallmark*, 200 F.3d at 1080. That the Commissioner also made reasonable arguments does not substantially justify her position in its entirety. Because the failure to comply with 20 C.F.R. § 404.1512a and the failure to recontact Dr. Sucholeiki are determinative of the outcome of this case, EAJA fee-shifting is warranted, despite the fact that some of the Commissioner's arguments were meritorious. *See Golembiewski*, 382 F.3d at 724.

Finally, the Commissioner asserts that the Court's decision to remand the case but not award benefits indicates that her position was at least reasonable. (Def.'s Br. at 5.) Not only does the Commissioner fail to offer legal support for this assertion, but her line of reasoning is inharmonious with the current substantial justification legal test. *See Underwood*, 487 U.S. at 566. Furthermore, in the Seventh Circuit, awarding or denying benefits "is essentially a factual finding best left for the [Commissioner] to address in the first instance, unless the record can yield but one supportable conclusion." *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993).[2]

---

[2] Indeed, only a very small percentage of Disability Insurance and Supplemental Security Income claimants who file their cases in federal courts are granted benefits by federal courts. In fiscal year 2000, only six percent of federal cases resulted in an immediate grant of benefits. *See* Social Security Advisory Board, *Disability Decision Making: Data and Materials (Part One B)*, January 2001, at 86, *available at* http://www.ssab.gov/publications.htm (last checked Aug. 24, 2005).

Thus, the Court's decision to remand this case without awarding benefits has no bearing on whether the Commissioner's position was substantially justified.

Plaintiff, citing *Golembiewski* and *Rose*, challenges the Commissioner's litigation position on the grounds that post hoc rationalization is improper. The Commissioner relied on post hoc rationalizations at summary judgment when she argued that the ALJ chose to give less weight to Dr. Sucholeiki's opinions because he was not a specialist in psychiatry or psychology. (Def.'s Resp. Pl.'s Mot. Summ. J. at 6-7.) In his decision, however, the ALJ did not discuss whether he considered it significant that Dr. Sucholeiki is a neurologist and not a psychiatrist or psychologist. Post hoc rationalizations are improper and will not be considered at summary judgment or EAJA litigation. *See Golembiewski*, 382 F.3d at 724; *Rose*, 806 F.2d at 1089. However, while post hoc rationalizations are improper and not considered by the Court, they do not necessarily equate to lack of substantial justification under the EAJA. *See Golembiewski*, 382 F.3d at 724 (post hoc rationalization does not create substantial justification where ALJ violates clear and long judicial precedent, fails to apply the Commissioner's Rules and Regulations, and ignores and mischaracterizes medical evidence); *Rose*, 806 F.2d at 1089 ("an agency may not avoid fees simply by arguing that a reasonable explanation existed to justify the underlying action"). Accordingly, the Court does not rely on this argument when awarding Plaintiff attorney's fees and costs pursuant to the EAJA.

### B. Plaintiff Requests Reasonable Attorney's Fees.

In order to collect attorney's fees under the EAJA, the prevailing party must, within thirty days of final judgment in the action, submit an itemized statement from any attorney representing

or appearing on behalf of the party stating the actual time expended and the rate at which fees were computed. 28 U.S.C. § 2412(d)(1)(B). Plaintiff submitted his itemized statement within thirty days of final judgment in this action.

Plaintiff seeks $5,316.25 in attorney's fees and $150.00 in filing fees. (Pl.'s Reply at 8.) Plaintiff claims that his attorney spent a total of 34.8 hours working on Plaintiff's original appeal and this EAJA fees request and should be compensated for his work at the rates of $155.00 per hour in 2005, $152.50 per hour in 2004, and $147.50 per hour in 2003.[3] (Pl.'s Br. at 4; Pl.'s Reply at 8.) The Commissioner does not challenge the filing fees, number of hours, nor the hourly rates claimed by Plaintiff, and the Court finds them to be reasonable. *See Marcus*, 17 F.3d at 1040 (determining rates by using the annual CPI for each of the years in question is appropriate). Thus, the Court awards Plaintiff attorney's fees for 1.8 hours at the rate of $147.50 per hour ($265.50), 25.7 hours at the rate of $152.50 ($3,919.25), and 7.3 hours at the rate of $155.00 ($1131.50), for a total of $5,316.25. Additionally, the Court awards Plaintiff $150.00 in costs for his filing fees.

---

[3] These rates are based on the EAJA allowance for payment of attorney's fees at $125 per hour as of 1996 and adjustments based on the cost of living as defined by the Consumer Price Index ("CPI"). *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher fee). Plaintiff arrives at his per hour rates by increasing $125 by 18% for 2003, 22% for 2004, and 24% for 2005, in line with cost of living increases since March 1996, per the CPI. (Pl.'s Br. at 3.)

### III. Conclusion

For the reasons set out above, the Court grants Plaintiff's motion for an award of fees and costs pursuant to the EAJA in the amount of $5,466.25 to be paid directly to Plaintiff's attorney, Daniel Bourke.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: August 25, 2005.

Copies have been mailed to:

| | |
|---|---|
| DANIEL BOURKE, Esq.<br>Law Offices of Daniel Bourke<br>407 South Dearborn Street<br>Suite 1235<br>Chicago, IL  60605 | MS. CRISTINE KIM BAUTISTA<br>Special Assistant United States Attorney<br>200 West Adams Street<br>30th Floor<br>Chicago, IL  60606 |
| Attorney for Plaintiff | Attorney for Defendant |